IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| DAVID CHARLES SCHATZ, JR. | : | |
| | : | |
| | : | CASE NO. 5:10-bk-05293 RNO |
| Debtor | : | |

_____:_____

| | | |
|---|---|---|
| | : | |
| DAVID CHARLES SCHATZ, JR., and | : | |
| TRACY L. SCHATZ | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| CHASE HOME FINANCE | : | |
| | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 5:10-ap-00440 RNO |

## **<u>OPINION</u>**[1]

Presently pending before the Court is the Defendant's Motion to Dismiss the Plaintiffs'

Complaint which alleges: (I) violation of the automatic stay pursuant to 11 U.S.C. § 362(k)[2]; (II)

violation of the Pennsylvania Fair Trade Extension Uniformity Act 73 P.S. § 2270.1 and the

Pennsylvania Unfair Trade and Consumer Protection Act 73 P.S. § 201; (III) violation of the Fair

Debt Collection Practices Act; and, (IV) injury to a class of which the Plaintiffs are

representative plaintiffs. Defendant, Chase Home Finance, filed a Motion to Dismiss pursuant to

---

[1]	Drafted with the assistance of Kyle Chandler, Juris Doctor Candidate 2012, The Pennsylvania State University - Dickinson School of Law; Judicial Intern.

[2]	Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

1

Federal Rule of Civil Procedure 12(b)(1) and (6).  For the reasons stated herein, I will grant the

Defendant's Motion to Dismiss as to Count I of the Complaint for failure to state a claim upon

which relief can be granted.  I will also dismiss Counts II - IV for lack of subject-matter

jurisdiction.

## I.      Jurisdiction

The Court has jurisdiction over Count I of the Complaint pursuant to 28 U.S.C. § 1334

and § 157(b)(1)&(2)(A)(B) as it is a core proceeding under 28 U.S.C. § 157(b).  However, the

Court does not have jurisdiction as to Counts II - IV and, therefore, dismisses these Counts for

lack of jurisdiction.

## II.     Facts and Procedural History

On June 26, 2010, the Debtor, David Charles Schatz, Jr. ("Debtor"), filed his Chapter 13

bankruptcy.  On June 30, 2010, the Defendant, Chase Home Finance ("Defendant" or "Chase"),

was served with the Notice of 341 Meeting of Creditors in the Debtor's case.  The Plaintiffs in

this case, David Charles Schatz, Jr and Tracy L. Schatz ("Plaintiffs" or "Schatzes") received a

mortgage loan statement (the "Statement")[3], from the Defendant dated July 31, 2010.  The

Debtor's Chapter 13 Plan was confirmed on September 24, 2010.  The Schatzes commenced this

Adversary Proceeding by filing a Complaint on November 29, 2010.  In the Complaint, the

Plaintiffs allege (I) violation of the automatic stay pursuant to 11 U.S.C. § 362(k); (II) violation

of the Pennsylvania Fair Trade Extension Uniformity Act 73 P.S. § 2270.1 and the Pennsylvania

Unfair Trade and Consumer Protection Act 73 P.S. § 201; (III) violation of the Fair Debt

Collection Practices Act; and, (IV) injury to a class of which the Plaintiffs are representative

---

[3]      The mortgage loan  statement in question here is characterized by the Plaintiffs as an invoice and by the Defendant as a statement.  For simplicity, it will be referred to as the Statement in this Opinion.

2

plaintiffs. A copy of the Statement in question was attached as Exhibit D to the Plaintiffs'
Complaint at Docket No. 1. On May 27, 2011, the Defendant filed a Motion to Dismiss all
Counts of the Complaint at Docket No. 10. On the same date, Chase filed its Brief in support of
the Motion to Dismiss. On May 31, 2011, an Order was entered by the Court ordering the
Plaintiffs' reply brief be filed within 21 days of the Order. As of the date of this Opinion, which
is well beyond the 21-day deadline, Plaintiffs have failed to file a reply brief.

In the Motion to Dismiss, Chase does not deny sending the Statement to the Schatzes.
However, Chase argues that doing so did not violate the automatic stay since the Statement did
not state a payment was overdue, did not demand payment, did not provide a due date, and did
not threaten any action for non-payment. Def.'s Mot. to Dismiss ¶¶ 3, 6. Chase further argues
that since the Statement was not an attempt to collect a pre-petition debt, Count I of the
Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
to state a claim upon which relief can be granted. Chase asserts this Court lacks subject-matter
jurisdiction over Counts II - IV and these Counts should be dismissed pursuant to Federal Rule
of Civil Procedure 12(b)(1). Chase argues there is a lack of subject-matter jurisdiction because
the claims do not arise under Title 11 and are not related to the Debtor's bankruptcy case. Def.'s
Mot. to Dismiss ¶ 7.

III.     Discussion

3

## A. Motion to Dismiss Count I for Failure to State a Claim Upon which Relief can be Granted Violation of the Automatic Stay

### 1. Standards Applicable to Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Under F.R.B.P. 7012(b)(6)

If a complaint fails to state a claim upon which relief can be granted, then the complaint shall be dismissed upon motion of a defendant. Fed. R. Bankr. P. 7012(b)(6). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008. Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991). The United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted). In *Twombly*, the Supreme Court went on to hold that a complaint must state plausible entitlement to relief.

Some two years later, the Supreme Court clarified *Twombly* in the case of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Ashcroft*, the Court explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible

4

> claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense.  But where the well-
> pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged - but it has not
> "show[n]" - "that the pleader is entitled to relief".

*Ashcroft*, 129 S.Ct. at 1949-50 (internal citations omitted).

## 2.      Overview of the Automatic Stay

The Plaintiffs' Complaint  alleges that Chase violated the automatic stay under § 362

when Chase sent the Statement to the Schatzes' address after the Debtor had filed his Chapter 13

bankruptcy petition.  Immediately upon filing bankruptcy, a debtor's estate gains certain

protections outlined in § 362(a).  Generally, these provisions prohibit specific actions by

creditors against the debtor or the property of the debtor.

At issue in the current matter is § 362(a)(6) which prohibits "any act to collect, assess, or

recover a claim against the debtor that arose before the commencement of the case under this

title."  11 U.S.C. § 362(a)(6).  Section 362 also imposes consequences for certain violations of

the automatic stay.

If a creditor willfully violates the automatic stay, § 362(k) allows a debtor to recover for

"actual damages, including costs and attorney's fees, and, in appropriate circumstances, may

recover punitive damages."  11 U.S.C. § 362(k)(1)[4].  However, in order to recover damages, the

debtor must be able to prove that the creditor *willfully* violated the automatic stay.  11 U.S.C.

§ 362(k)(1) (emphasis added).  "Willfulness does not require that the creditor intend to violate

---

[4]      Section 362 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). With these amendments, § 362(h) was re-designated as § 362(k).  Even though Defendant's Motion to Dismiss incorrectly refers to § 362(h), I will refer to it as § 362(k). Precedent which is applicable to previous § 362(h) is still applicable to § 362(k). *See In re Tezla*, 2009 WL 212542, Fn. 4 (Bankr. E.D.Pa. 2009).

5

the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1999). To prove a willful violation, a plaintiff must show that the creditor had knowledge of the automatic stay. *Id.* (citing *In re University Medical Center*, 973 F.2d 1065 (3d Cir. 1992). Thus, a debtor need not show that a creditor had the specific intent of violating the automatic stay, but rather must show the creditor took certain actions, after having knowledge of the automatic stay, which had the effect of violating the automatic stay, even if unintentional. *See In re Nixon*, 419 B.R. 281, 288 (Bankr. E.D.Pa. 2009).

I also note that Tracy L. Schatz is listed as a co-Plaintff in this Adversary Proceeding. However, she is not a debtor in any bankruptcy proceeding pending in this Court. The subject Chapter 13 case was filed by David Charles Schatz, Jr., alone. I find that no bankruptcy automatic stay was in effect regarding Tracy L. Schatz when the Statement was sent by Chase.

### 3. Conclusion - The Statement sent to the Debtor was not a violation of the automatic stay and the Court will grant the Motion to Dismiss

Having determined that I have jurisdiction under 28 U.S.C. § 157 as to Count I of the Complaint, I now must decide if the Statement sent by Chase was an attempt to collect a pre-petition debt in violation of the automatic stay under § 362(a)(6). Chase does not deny sending the Statement to the Schatzes on July 31, 2010, nor does it deny having knowledge of the bankruptcy filing of June 26, 2010, when the Statement was sent. I find that Chase had notice of the bankruptcy filing when it mailed the Statement to the Schatzes.

Chase alleges that sending the Statement was not a violation of the automatic stay. However, the Schatzes' Complaint alleges:

12. Defendant intentionally bypassed Plaintiffs' attorney and

6

contacted Plaintiffs directly regarding the repayment of the alleged
consumer account with intent to deceive Plaintiffs into a belief that
payment was required pursuant to the Mortgage Loan Statement
without credit for substantial payments that had been made by
Plaintiffs.

Pls.' Compl. ¶ 12.   Paragraph 13 continues stating:

13.  Defendant violated 11 U.S.C. § 362 by attempting to collect
on a consumer debt when Defendant knew or should have known
that 11 U.S.C. § 362 barred further creditor collection on the
aforementioned account because Defendant had been put on actual
and constructive notice of Plaintiff / Debtors' Bankruptcy."

Pls.' Compl. ¶ 13.  As noted above, § 362(a)(6) prohibits "any act to collect, assess, or recover a

claim against the debtor that arose before the commencement of the case . . .".  11 U.S.C.

§ 362(a)(6).

Chase responds to these allegations by arguing that courts have held that sending a

mailing to a debtor is not automatically a violation of the automatic stay.  Def.'s Br. in Supp. of

Mot. to Dismiss 5.  *In re Knowles*, 442 B.R. 150, 160 (1st Cir. B.A.P. 2011).  The mailing must

be more than a "mere request for payment" and "an act does not violate the stay unless it

immediately or potentially threatens the debtor's possession of its property, such that the debtor

is required to take affirmative acts to protect its interests."  *Id*.  The Statement sent to the

Schatzes in the current matter listed various items including the total payment, applicable

interest rate, principle balance, and an address to send payment.  Compl. Ex. D.  In addition, in

an outlined box near the center of the page, the Statement conspicuously included a disclaimer

which reads:

To the extent your original obligation was discharged, or is subject
to an automatic stay of bankruptcy under Title 11 of the United
States Code, this statement is for compliance and/or informational
purposes only and does not constitute an attempt to collect a debt

7

> or to impose personal liability for such obligation. If your Plan
> requires you to make post-petition mortgage payments directly to
> the Trustee, any such payments should be remitted to the Trustee
> directly in accordance with the orders of the Bankruptcy Court.

Compl. Ex. D.  Thus, the Statement's disclaimer explains that if the Debtor is under the

protection of the automatic stay, then the Statement is for informational purposes only and not an

attempt to collect the debt.  The Statement did not otherwise make any threats or provide any

consequences if the Debtor failed to make a payment, and further it does not require any action

on part of the Debtor to retain his property.  Other courts have held that sending a debtor

informational notices regarding their loan is not a violation of the automatic stay.  *In re Pultz*,

400 B.R. 185, 191 (Bankr. D.Md. 2008); *see also In re Zotow*, 432 B.R. 252, 260 (9th Cir.

B.A.P. 2010).  At least one court has stated that secured creditors should be encouraged to send

informational statements to debtors in bankruptcy who may  intend to keep the secured property.

*In re Henry*, 266 B.R. 457, 471 (Bankr. C.D.Cal. 2001).  In *Henry*, the Court noted:

> A secured creditor should be encouraged to send out payment
> coupons, envelopes and periodic statements if a debtor has filed a
> statement that the debtor plans to keep property subject to secured
> debt and to make payments. Debtors frequently complain to the
> court that they want to make their payments, but their creditors do
> not cooperate by providing payment coupons. Secured creditors
> hesitate to provide such cooperation for fear of violating the
> automatic stay or the discharge injunction.

*Id*. at 471.  In addition, receiving the information contained in the Statement may be useful to a

debtor like Schatz in accurately filling out the Debtor's Schedules.  I also recognize that such

information could assist a Chapter 13 debtor in drafting his Chapter 13 plan.

The Statement in this case is distinguishable from a statement sent by a creditor in

another case I recently considered, *In re Butz*, 444 B.R. 301 (Bankr. M.D.Pa. 2011).  In *Butz*, the

mailing sent to the debtor was a past due notice and stated "Your account is 10 or more days past due. Please remit the amount due immediately." *Id*. at 304-05. The Statement at issue in the current case does not state the amount as being past due nor does it demand payment immediately. In addition, the mailing in *Butz* threatened that late payments, missed payments, or other defaults may be reported to the credit bureaus. Thus, without an affirmative action by the debtor, the debtor's interests could be harmed. *See In re Knowles*, 442 B.R. at 160. In contrast to *Butz*, the Statement sent by Chase does not threaten action or any consequences for non-action nor does it contain a due date. Further, the Statement provides the above noted disclaimer which provides that in a bankruptcy filing Chase is not attempting to "impose a personal liability for such obligation". Compl. Ex. D.

Based upon the facts and reasoning above, I will grant the Defendant's Motion to Dismiss as to Count I of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this Adversary Proceeding by operation of Federal Rules of Bankruptcy Procedure 7012(b). I find that Chase did not violate the automatic stay by sending the Statement to the Debtor after the Debtor had filed his bankruptcy petition. I characterize the Statement as an informative mailing and not an attempt by the creditor to collect a pre-petition debt. The language of the disclaimer, which is found in the center of the first page, in an outlined box, is important to my findings and conclusion. Specifically, I find the language is unambiguous and sufficiently alerts a debtor that if the debtor is protected by the automatic stay, then the "statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation." Compl. Ex. D. Further, I would note that the disclaimer is not buried in boilerplate language, nor hidden on the

9

backside of the document. The location of the disclaimer allows it to be easily read by a recipient when reviewing the statement. I do recognize the breadth and the importance of the automatic stay in bankruptcy proceedings.. However, I do not accept that the automatic stay prohibits all communication between a creditor and a bankruptcy debtor.

**B.      Motion to Dismiss Counts II - IV for a Lack of Subject-Matter Jurisdiction**

**1.      Standards Applicable to Motions to Dismiss for a Lack of Subject-Matter Jurisdiction Under F.R.B.P. 7012(b)(1)**

Again, motions to dismiss are analyzed under Federal Rule of Bankruptcy Procedure 7012(b), which makes applicable Rule 12(b) of the Federal Rules of Civil Procedure. Federal Rule of Bankruptcy Procedure 7012(b)(1) requires dismissal if the bankruptcy court lacks subject-matter jurisdiction. Here, the burden is on the Schatzes to convince the Court that it has subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977). Additionally, the Third Circuit Court of Appeals has noted:

> Because at issue in a factual 12(b)(1) motion is the trials court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id*. at 891. A court's subject matter jurisdiction under Rule 12(b)(1) can be attacked either by a facial or a factual challenge. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence

10

outside the pleadings." *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d. Cir. 2000) (internal citations omitted).

### 2. Overview of Subject Matter Jurisdiction

Bankruptcy courts are courts of limited jurisdiction and may only hear certain types of claims which they are granted the authority to hear under 28 U.S.C. § 157 and 28 U.S.C. § 1334. *In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009); *Hohl v. Bastian*, 279 B.R. 165, 171 (W.D.Pa. 2002). Included are claims which arise under Title 11, arise in a Title 11 case, and those "related to" a case under Title 11. 28 U.S.C. § 157(a), *see also Stern v. Marshall*, 131 S.Ct. 2594 (2011). "Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.' " *Stern*, 131 S.Ct. at 2603, quoting § 157(b)(1). Thus, if a matter is core and arises under or in a Title 11 case, the bankruptcy judge may enter final orders which are subject to appeal to the District Court. 28 U.S.C. § 157(b)(1) and § 158(a).

A bankruptcy court also has a second, more limited type of jurisdiction. This is commonly referred to as "related to" jurisdiction. Its statutory basis is contained in 28 U.S.C. § 157(c)(1). A "Related to" proceeding has been routinely defined as one where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Exide Technologies*, 544 F.3d 196, 206 (3d. Cir. 2008), quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984), *overturned on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). "Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the

11

bankruptcy estate. *Halper v. Halper*, 164 F.3d 830, 837 (3d. Cir 1999). If a proceeding is determined to be only "related to", a bankruptcy judge may not issue final orders on that claim. The Bankruptcy Court can only submit proposed findings of fact and proposed conclusions to the District Court. The District Court can then enter final orders after reviewing *de novo* any matter to which a party objects. 28 U.S.C. § 157(c)(1). If a matter is neither core nor "related to", the Bankruptcy Court lacks subject-matter jurisdiction. *In re Banks*, 223 Fed.Appx. 151, 153 (3d Cir. 2007); *EPIC Educational Projects and Information Consultant Center, Inc. v. Dwelling House*, 139 Fed.Appx. 388, 390-91 (3d Cir. 2005).

### 3. Conclusion - This Court lacks subject-matter jurisdiction as to Counts II - IV of the Complaint and will grant the Motion to Dismiss

As stated above, bankruptcy courts are courts of limited jurisdiction and may only hear core matters or matters considered "related to". 28 U.S.C.§ 157. For the reasons stated below, I find that the Court does not have subject-matter jurisdiction over Counts II - IV because these claims do not arise in or under Title 11, nor are they considered "related to" the bankruptcy case.

In determining if a claim is core or non-core, courts must consult two sources. The Third Circuit Court of Appeals has stated:

> First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.

*Halper*, 164 F.3d at 836 (internal citations and quotations omitted). *Also see Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006). Applying the test from *Halper*, Counts II - IV are non-core

proceedings. I find these Counts do not fit into one of the categories listed under § 157(b). Neither are Counts II - IV based upon substantive rights provided for under the Bankruptcy Code nor could they arise only in the context of a bankruptcy case. They are claims based upon federal and state consumer protection statutes.

Since I have found that Counts II - IV are non-core proceedings, I must next decide if they are considered "related to" proceedings. If I determine they are "related to" proceedings, I have the jurisdiction to hear the case, but I must submit my proposed findings of fact and proposed conclusions to the District Court which can enter a final judgment. If I decide the matters are not "related to" proceedings, I must dismiss the case for the lack of subject-matter jurisdiction.

First, I acknowledge the extremely broad definition of "related to" as defined in *Pacor*. An argument can be made that almost any proceeding that involves the property or finances of a debtor could be considered "related to". However, I believe a more considered interpretation of the definition is proper. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) ("[w]e also agree with the court's observations that a bankruptcy court's "related to" jurisdiction cannot be limitless").

I also feel that it is important to note the time line of this case and certain choices made by the Schatzes. Debtor filed his case on June 26, 2010, and had his Chapter 13 Plan confirmed on September 24, 2010. On or about July 31, 2010, which was post-petition but pre-confirmation, the Schatzes received the Statement sent by Chase. In Debtor's confirmed Plan, he

13

elected to have the property of the estate vest in him at confirmation. Debtor's Ch. 13 Plan, Docket #7, Case 5-10-bk-05293.

These dates and choices are important because of the seemingly contradictory language of § 1306 and § 1327 when read together. Section 1306 states that property of the estate includes all the types of property listed in § 541, plus the property the debtor acquires after commencement of the case but before the case is closed, dismissed, or converted (whichever comes first). 11 U.S.C. § 1306. However, § 1327(b) states that all property of the estate vests in the debtor upon confirmation, unless otherwise noted in the plan. Section 1327(c) goes on and states that when the property vests in the debtor, the property vests free and clear of any claim or interests of any creditor provided for by the plan.

The conflicting language of § 1306 and § 1327 has lead to several different approaches by courts in attempting to harmonize the two sections. In a recent decision by my colleague, Chief Judge France, she addressed the different approaches adopted by courts and discussed the various criticisms of each approach. *In re Wei-Fung Chang*, 438 B.R. 77, 80-84 (Bankr. M.D.Pa. 2010).[5] After her consideration of each of the approaches, Chief Judge France adopted the "reconciliation" approach. *Id*. at 84. Under this approach "all property of the estate becomes property of the debtor at confirmation, but the estate refills with property acquired by the debtor after confirmation until the case is closed, dismissed, or converted." *Id*. at 82. Further, under his/her chapter 13 plan, a debtor may choose to wait and not have property vest until the closing of the case. 11 U.S.C. § 1327(b).

Based on the reasoning discussed in the *In re Wei-Fung Chang* opinion, I will analyze

---

[5] Please see Chief Judge France's full Opinion for more information on the different approaches adopted by the courts.

this matter using the reconciliation approach. Since these potential causes of action arose prior to the confirmation of the Debtor's plan, at confirmation the Schatzes' interest in these causes of action vested in the Debtor and are no longer considered property of the estate. The interest of Tracy L. Schatz, a non-debtor, in the causes of action, was never property of the estate. Due to the fact these causes of action are no longer property of the estate, the Debtor's "rights, liabilities, options, freedom of action, or the handling and administration of the bankruptcy estate" would not be affected by their outcome. Therefore, I hold Counts II - IV are not "related to" the bankruptcy case. *See Halper*, 164 F.3d 837.

In Paragraph 1 of the Complaint, the Schatzes argues the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. However, § 1367 has been held in the Third Circuit to apply only to District Courts; not to Bankruptcy Courts. *See In re Foundation for New Era Philanthropy*, 201 B.R. 382, 398 (Bankr. E.D.Pa. 1996); *see also In re Pollilo*, 2010 WL 235125 (Bankr. E.D.Pa. 2010).

In summary, I find that Counts II - IV are not core claims nor are they "related to" the bankruptcy case, and therefore, I grant the Defendant's Motion to Dismiss as to Counts II - IV for a lack of subject matter jurisdiction.

IV.     **Conclusion**

Consistent with the reasoning given above, the Defendant's Motion to Dismiss is granted as to Count I of the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Bankruptcy 7012(b)(6), and Counts II - IV are dismissed for lack of subject-

matter jurisdiction under Federal Rule of Bankruptcy 7012(b)(1). An Order will be entered consistent with this Opinion.

By the Court,

Date: July 25, 2011

_____
Robert N. Opel, II, Bankruptcy Judge

(BI)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                        :
                                              :        CHAPTER 13
DAVID CHARLES SCHATZ, JR.                     :
                                              :
                                              :        CASE NO. 5:10-bk-05293 RNO
                          Debtor              :
_____:_____
                                              :
DAVID CHARLES SCHATZ, JR., and                :
TRACY L. SCHATZ                               :
                                              :
                          Plaintiffs          :
                                              :
            v.                                :
                                              :
CHASE HOME FINANCE                            :
                                              :
                                              :
                          Defendant           :        ADVERSARY NO. 5:10-ap-00440 RNO

## <u>OPINION</u>[1]

Presently pending before the Court is the Defendant's Motion to Dismiss the Plaintiffs'

Complaint which alleges:  (I) violation of the automatic stay pursuant to 11 U.S.C. § 362(k)[2]; (II)

violation of the Pennsylvania Fair Trade Extension Uniformity Act 73 P.S. § 2270.1 and the

Pennsylvania Unfair Trade and Consumer Protection Act 73 P.S. § 201; (III) violation of the Fair

Debt Collection Practices Act; and, (IV) injury to a class of which the Plaintiffs are

representative plaintiffs.  Defendant, Chase Home Finance, filed a Motion to Dismiss pursuant to

---

[1]        Drafted with the assistance of Kyle Chandler, Juris Doctor Candidate 2012, The Pennsylvania
State University - Dickinson School of Law; Judicial Intern.

[2]        Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §
101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.
109-8, 119 Stat. 37 ("BAPCPA").

1

Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons stated herein, I will grant the Defendant's Motion to Dismiss as to Count I of the Complaint for failure to state a claim upon which relief can be granted. I will also dismiss Counts II - IV for lack of subject-matter jurisdiction.

## I.      Jurisdiction

The Court has jurisdiction over Count I of the Complaint pursuant to 28 U.S.C. § 1334 and § 157(b)(1)&(2)(A)(B) as it is a core proceeding under 28 U.S.C. § 157(b). However, the Court does not have jurisdiction as to Counts II - IV and, therefore, dismisses these Counts for lack of jurisdiction.

## II.      Facts and Procedural History

On June 26, 2010, the Debtor, David Charles Schatz, Jr. ("Debtor"), filed his Chapter 13 bankruptcy. On June 30, 2010, the Defendant, Chase Home Finance ("Defendant" or "Chase"), was served with the Notice of 341 Meeting of Creditors in the Debtor's case. The Plaintiffs in this case, David Charles Schatz, Jr and Tracy L. Schatz ("Plaintiffs" or "Schatzes") received a mortgage loan statement (the "Statement")[3], from the Defendant dated July 31, 2010. The Debtor's Chapter 13 Plan was confirmed on September 24, 2010. The Schatzes commenced this Adversary Proceeding by filing a Complaint on November 29, 2010. In the Complaint, the Plaintiffs allege (I) violation of the automatic stay pursuant to 11 U.S.C. § 362(k); (II) violation of the Pennsylvania Fair Trade Extension Uniformity Act 73 P.S. § 2270.1 and the Pennsylvania Unfair Trade and Consumer Protection Act 73 P.S. § 201; (III) violation of the Fair Debt Collection Practices Act; and, (IV) injury to a class of which the Plaintiffs are representative

---

[3]      The mortgage loan statement in question here is characterized by the Plaintiffs as an invoice and by the Defendant as a statement. For simplicity, it will be referred to as the Statement in this Opinion.

plaintiffs. A copy of the Statement in question was attached as Exhibit D to the Plaintiffs' Complaint at Docket No. 1. On May 27, 2011, the Defendant filed a Motion to Dismiss all Counts of the Complaint at Docket No. 10. On the same date, Chase filed its Brief in support of the Motion to Dismiss. On May 31, 2011, an Order was entered by the Court ordering the Plaintiffs' reply brief be filed within 21 days of the Order. As of the date of this Opinion, which is well beyond the 21-day deadline, Plaintiffs have failed to file a reply brief.

In the Motion to Dismiss, Chase does not deny sending the Statement to the Schatzes. However, Chase argues that doing so did not violate the automatic stay since the Statement did not state a payment was overdue, did not demand payment, did not provide a due date, and did not threaten any action for non-payment. Def.'s Mot. to Dismiss ¶¶ 3, 6. Chase further argues that since the Statement was not an attempt to collect a pre-petition debt, Count I of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Chase asserts this Court lacks subject-matter jurisdiction over Counts II - IV and these Counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Chase argues there is a lack of subject-matter jurisdiction because the claims do not arise under Title 11 and are not related to the Debtor's bankruptcy case. Def.'s Mot. to Dismiss ¶ 7.

**III.    Discussion**

3

**A. Motion to Dismiss Count I for Failure to State a Claim Upon which Relief can be Granted Violation of the Automatic Stay**

    **1. Standards Applicable to Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Under F.R.B.P. 7012(b)(6)**

If a complaint fails to state a claim upon which relief can be granted, then the complaint shall be dismissed upon motion of a defendant. Fed. R. Bankr. P. 7012(b)(6). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008. Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991). The United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted). In *Twombly*, the Supreme Court went on to hold that a complaint must state plausible entitlement to relief.

Some two years later, the Supreme Court clarified *Twombly* in the case of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Ashcroft*, the Court explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible

4

> claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense.  But where the well-
> pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged - but it has not
> "show[n]" - "that the pleader is entitled to relief".

*Ashcroft*, 129 S.Ct. at 1949-50 (internal citations omitted).

## 2.      Overview of the Automatic Stay

The Plaintiffs' Complaint  alleges that Chase violated the automatic stay under § 362

when Chase sent the Statement to the Schatzes' address after the Debtor had filed his Chapter 13

bankruptcy petition.  Immediately upon filing bankruptcy, a debtor's estate gains certain

protections outlined in § 362(a).  Generally, these provisions prohibit specific actions by

creditors against the debtor or the property of the debtor.

At issue in the current matter is § 362(a)(6) which prohibits "any act to collect, assess, or

recover a claim against the debtor that arose before the commencement of the case under this

title."  11 U.S.C. § 362(a)(6).  Section 362 also imposes consequences for certain violations of

the automatic stay.

If a creditor willfully violates the automatic stay, § 362(k) allows a debtor to recover for

"actual damages, including costs and attorney's fees, and, in appropriate circumstances, may

recover punitive damages."  11 U.S.C. § 362(k)(1)[4].  However, in order to recover damages, the

debtor must be able to prove that the creditor *willfully* violated the automatic stay.  11 U.S.C.

§ 362(k)(1) (emphasis added).  "Willfulness does not require that the creditor intend to violate

---

[4]      Section 362 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). With these amendments, § 362(h) was re-designated as § 362(k).  Even though Defendant's Motion to Dismiss incorrectly refers to § 362(h), I will refer to it as § 362(k). Precedent which is applicable to previous § 362(h) is still applicable to § 362(k).  *See In re Tezla*, 2009 WL 212542, Fn. 4 (Bankr. E.D.Pa. 2009).

5

the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1999). To prove a willful violation, a plaintiff must show that the creditor had knowledge of the automatic stay. *Id*. (citing *In re University Medical Center*, 973 F.2d 1065 (3d Cir. 1992). Thus, a debtor need not show that a creditor had the specific intent of violating the automatic stay, but rather must show the creditor took certain actions, after having knowledge of the automatic stay, which had the effect of violating the automatic stay, even if unintentional. *See In re Nixon*, 419 B.R. 281, 288 (Bankr. E.D.Pa. 2009).

I also note that Tracy L. Schatz is listed as a co-Plaintff in this Adversary Proceeding. However, she is not a debtor in any bankruptcy proceeding pending in this Court. The subject Chapter 13 case was filed by David Charles Schatz, Jr., alone. I find that no bankruptcy automatic stay was in effect regarding Tracy L. Schatz when the Statement was sent by Chase.

### 3. Conclusion - The Statement sent to the Debtor was not a violation of the automatic stay and the Court will grant the Motion to Dismiss

Having determined that I have jurisdiction under 28 U.S.C. § 157 as to Count I of the Complaint, I now must decide if the Statement sent by Chase was an attempt to collect a pre-petition debt in violation of the automatic stay under § 362(a)(6). Chase does not deny sending the Statement to the Schatzes on July 31, 2010, nor does it deny having knowledge of the bankruptcy filing of June 26, 2010, when the Statement was sent. I find that Chase had notice of the bankruptcy filing when it mailed the Statement to the Schatzes.

Chase alleges that sending the Statement was not a violation of the automatic stay. However, the Schatzes' Complaint alleges:

12. Defendant intentionally bypassed Plaintiffs' attorney and

6

> contacted Plaintiffs directly regarding the repayment of the alleged
> consumer account with intent to deceive Plaintiffs into a belief that
> payment was required pursuant to the Mortgage Loan Statement
> without credit for substantial payments that had been made by
> Plaintiffs.

Pls.' Compl. ¶ 12.   Paragraph 13 continues stating:

> 13.  Defendant violated 11 U.S.C. § 362 by attempting to collect
> on a consumer debt when Defendant knew or should have known
> that 11 U.S.C. § 362 barred further creditor collection on the
> aforementioned account because Defendant had been put on actual
> and constructive notice of Plaintiff / Debtors' Bankruptcy."

Pls.' Compl. ¶ 13.  As noted above, § 362(a)(6) prohibits "any act to collect, assess, or recover a

claim against the debtor that arose before the commencement of the case . . .".  11 U.S.C.

§ 362(a)(6).

Chase responds to these allegations by arguing that courts have held that sending a

mailing to a debtor is not automatically a violation of the automatic stay.  Def.'s Br. in Supp. of

Mot. to Dismiss 5.  *In re Knowles*, 442 B.R. 150, 160 (1st Cir. B.A.P. 2011).  The mailing must

be more than a "mere request for payment" and "an act does not violate the stay unless it

immediately or potentially threatens the debtor's possession of its property, such that the debtor

is required to take affirmative acts to protect its interests."  *Id*.  The Statement sent to the

Schatzes in the current matter listed various items including the total payment, applicable

interest rate, principle balance, and an address to send payment.  Compl. Ex. D.  In addition, in

an outlined box near the center of the page, the Statement conspicuously included a disclaimer

which reads:

> To the extent your original obligation was discharged, or is subject
> to an automatic stay of bankruptcy under Title 11 of the United
> States Code, this statement is for compliance and/or informational
> purposes only and does not constitute an attempt to collect a debt

7

> or to impose personal liability for such obligation. If your Plan
> requires you to make post-petition mortgage payments directly to
> the Trustee, any such payments should be remitted to the Trustee
> directly in accordance with the orders of the Bankruptcy Court.

Compl. Ex. D. Thus, the Statement's disclaimer explains that if the Debtor is under the

protection of the automatic stay, then the Statement is for informational purposes only and not an

attempt to collect the debt. The Statement did not otherwise make any threats or provide any

consequences if the Debtor failed to make a payment, and further it does not require any action

on part of the Debtor to retain his property. Other courts have held that sending a debtor

informational notices regarding their loan is not a violation of the automatic stay. *In re Pultz*,

400 B.R. 185, 191 (Bankr. D.Md. 2008); *see also In re Zotow*, 432 B.R. 252, 260 (9th Cir.

B.A.P. 2010). At least one court has stated that secured creditors should be encouraged to send

informational statements to debtors in bankruptcy who may intend to keep the secured property.

*In re Henry*, 266 B.R. 457, 471 (Bankr. C.D.Cal. 2001). In *Henry*, the Court noted:

> A secured creditor should be encouraged to send out payment
> coupons, envelopes and periodic statements if a debtor has filed a
> statement that the debtor plans to keep property subject to secured
> debt and to make payments. Debtors frequently complain to the
> court that they want to make their payments, but their creditors do
> not cooperate by providing payment coupons. Secured creditors
> hesitate to provide such cooperation for fear of violating the
> automatic stay or the discharge injunction.

*Id*. at 471. In addition, receiving the information contained in the Statement may be useful to a

debtor like Schatz in accurately filling out the Debtor's Schedules. I also recognize that such

information could assist a Chapter 13 debtor in drafting his Chapter 13 plan.

The Statement in this case is distinguishable from a statement sent by a creditor in

another case I recently considered, *In re Butz*, 444 B.R. 301 (Bankr. M.D.Pa. 2011). In *Butz*, the

8

mailing sent to the debtor was a past due notice and stated "Your account is 10 or more days past due. Please remit the amount due immediately." *Id*. at 304-05. The Statement at issue in the current case does not state the amount as being past due nor does it demand payment immediately. In addition, the mailing in *Butz* threatened that late payments, missed payments, or other defaults may be reported to the credit bureaus. Thus, without an affirmative action by the debtor, the debtor's interests could be harmed. *See In re Knowles*, 442 B.R. at 160. In contrast to *Butz*, the Statement sent by Chase does not threaten action or any consequences for non-action nor does it contain a due date. Further, the Statement provides the above noted disclaimer which provides that in a bankruptcy filing Chase is not attempting to "impose a personal liability for such obligation". Compl. Ex. D.

Based upon the facts and reasoning above, I will grant the Defendant's Motion to Dismiss as to Count I of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this Adversary Proceeding by operation of Federal Rules of Bankruptcy Procedure 7012(b). I find that Chase did not violate the automatic stay by sending the Statement to the Debtor after the Debtor had filed his bankruptcy petition. I characterize the Statement as an informative mailing and not an attempt by the creditor to collect a pre-petition debt. The language of the disclaimer, which is found in the center of the first page, in an outlined box, is important to my findings and conclusion. Specifically, I find the language is unambiguous and sufficiently alerts a debtor that if the debtor is protected by the automatic stay, then the "statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation." Compl. Ex. D. Further, I would note that the disclaimer is not buried in boilerplate language, nor hidden on the

9

backside of the document.  The location of the disclaimer allows it to be easily read by a recipient when reviewing the statement.  I do recognize the breadth and the importance of the automatic stay in bankruptcy proceedings..  However, I do not accept that the automatic stay prohibits all communication between a creditor and a bankruptcy debtor.

**B.      Motion to Dismiss Counts II - IV for a Lack of Subject-Matter Jurisdiction**

      **1.      Standards Applicable to Motions to Dismiss for a Lack of Subject-Matter Jurisdiction Under F.R.B.P. 7012(b)(1)**

Again, motions to dismiss are analyzed under Federal Rule of Bankruptcy Procedure 7012(b), which makes applicable Rule 12(b) of the Federal Rules of Civil Procedure.  Federal Rule of Bankruptcy Procedure 7012(b)(1) requires dismissal if the bankruptcy court lacks subject-matter jurisdiction.  Here, the burden is on the Schatzes to convince the Court that it has subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977).  Additionally, the Third Circuit Court of Appeals has noted:

> Because at issue in a factual 12(b)(1) motion is the trials court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id*. at 891.  A court's subject matter jurisdiction under Rule 12(b)(1) can be attacked either by a facial or a factual challenge.  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  In reviewing a factual attack, the court may consider evidence

10

outside the pleadings." *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d. Cir. 2000) (internal citations omitted).

2.      **Overview of Subject Matter Jurisdiction**

Bankruptcy courts are courts of limited jurisdiction and may only hear certain types of claims which they are granted the authority to hear under 28 U.S.C. § 157 and 28 U.S.C. § 1334. *In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009); *Hohl v. Bastian*, 279 B.R. 165, 171 (W.D.Pa. 2002). Included are claims which arise under Title 11, arise in a Title 11 case, and those "related to" a case under Title 11. 28 U.S.C. § 157(a), *see also Stern v. Marshall*, 131 S.Ct. 2594 (2011). "Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.' " *Stern*, 131 S.Ct. at 2603, quoting § 157(b)(1). Thus, if a matter is core and arises under or in a Title 11 case, the bankruptcy judge may enter final orders which are subject to appeal to the District Court. 28 U.S.C. § 157(b)(1) and § 158(a).

A bankruptcy court also has a second, more limited type of jurisdiction. This is commonly referred to as "related to" jurisdiction. Its statutory basis is contained in 28 U.S.C. § 157(c)(1). A "Related to" proceeding has been routinely defined as one where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Exide Technologies*, 544 F.3d 196, 206 (3d. Cir. 2008), quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984), *overturned on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d. 461 (1995). "Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the

11

bankruptcy estate. *Halper v. Halper*, 164 F.3d 830, 837 (3d. Cir 1999). If a proceeding is determined to be only "related to", a bankruptcy judge may not issue final orders on that claim. The Bankruptcy Court can only submit proposed findings of fact and proposed conclusions to the District Court. The District Court can then enter final orders after reviewing *de novo* any matter to which a party objects. 28 U.S.C. § 157(c)(1). If a matter is neither core nor "related to", the Bankruptcy Court lacks subject-matter jurisdiction. *In re Banks*, 223 Fed.Appx. 151, 153 (3d Cir. 2007); *EPIC Educational Projects and Information Consultant Center, Inc. v. Dwelling House*, 139 Fed.Appx. 388, 390-91 (3d Cir. 2005).

### 3. Conclusion - This Court lacks subject-matter jurisdiction as to Counts II - IV of the Complaint and will grant the Motion to Dismiss

As stated above, bankruptcy courts are courts of limited jurisdiction and may only hear core matters or matters considered "related to". 28 U.S.C.§ 157. For the reasons stated below, I find that the Court does not have subject-matter jurisdiction over Counts II - IV because these claims do not arise in or under Title 11, nor are they considered "related to" the bankruptcy case.

In determining if a claim is core or non-core, courts must consult two sources. The Third Circuit Court of Appeals has stated:

> First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.

*Halper*, 164 F.3d at 836 (internal citations and quotations omitted). *Also see Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006). Applying the test from *Halper*, Counts II - IV are non-core

Case 5:10-ap-00440-RNO    Doc 12    Filed 07/25/11    Entered 07/25/11 12:58:38    Desc
Incorrect Image    Page 28 of 32

proceedings. I find these Counts do not fit into one of the categories listed under § 157(b).

Neither are Counts II - IV based upon substantive rights provided for under the Bankruptcy Code

nor could they arise only in the context of a bankruptcy case. They are claims based upon

federal and state consumer protection statutes.

Since I have found that Counts II - IV are non-core proceedings, I must next decide if

they are considered "related to" proceedings. If I determine they are "related to" proceedings, I

have the jurisdiction to hear the case, but I must submit my proposed findings of fact and

proposed conclusions to the District Court which can enter a final judgment. If I decide the

matters are not "related to" proceedings, I must dismiss the case for the lack of subject-matter

jurisdiction.

First, I acknowledge the extremely broad definition of "related to" as defined in *Pacor*.

An argument can be made that almost any proceeding that involves the property or finances of a

debtor could be considered "related to". However, I believe a more considered interpretation of

the definition is proper. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499,

131 L.Ed.2d 403 (1995) ("[w]e also agree with the court's observations that a bankruptcy court's

"related to" jurisdiction cannot be limitless").

I also feel that it is important to note the time line of this case and certain choices made

by the Schatzes. Debtor filed his case on June 26, 2010, and had his Chapter 13 Plan confirmed

on September 24, 2010. On or about July 31, 2010, which was post-petition but pre-

confirmation, the Schatzes received the Statement sent by Chase. In Debtor's confirmed Plan, he

13

elected to have the property of the estate vest in him at confirmation. Debtor's Ch. 13 Plan, Docket #7, Case 5-10-bk-05293.

These dates and choices are important because of the seemingly contradictory language of § 1306 and § 1327 when read together. Section 1306 states that property of the estate includes all the types of property listed in § 541, plus the property the debtor acquires after commencement of the case but before the case is closed, dismissed, or converted (whichever comes first). 11 U.S.C. § 1306. However, § 1327(b) states that all property of the estate vests in the debtor upon confirmation, unless otherwise noted in the plan. Section 1327(c) goes on and states that when the property vests in the debtor, the property vests free and clear of any claim or interests of any creditor provided for by the plan.

The conflicting language of § 1306 and § 1327 has lead to several different approaches by courts in attempting to harmonize the two sections. In a recent decision by my colleague, Chief Judge France, she addressed the different approaches adopted by courts and discussed the various criticisms of each approach. *In re Wei-Fung Chang*, 438 B.R. 77, 80-84 (Bankr. M.D.Pa. 2010).[5] After her consideration of each of the approaches, Chief Judge France adopted the "reconciliation" approach. *Id*. at 84. Under this approach "all property of the estate becomes property of the debtor at confirmation, but the estate refills with property acquired by the debtor after confirmation until the case is closed, dismissed, or converted." *Id*. at 82. Further, under his/her chapter 13 plan, a debtor may choose to wait and not have property vest until the closing of the case. 11 U.S.C. § 1327(b).

Based on the reasoning discussed in the *In re Wei-Fung Chang* opinion, I will analyze

---

[5]     Please see Chief Judge France's full Opinion for more information on the different approaches adopted by the courts.

this matter using the reconciliation approach. Since these potential causes of action arose prior to the confirmation of the Debtor's plan, at confirmation the Schatzes' interest in these causes of action vested in the Debtor and are no longer considered property of the estate. The interest of Tracy L. Schatz, a non-debtor, in the causes of action, was never property of the estate. Due to the fact these causes of action are no longer property of the estate, the Debtor's "rights, liabilities, options, freedom of action, or the handling and administration of the bankruptcy estate" would not be affected by their outcome. Therefore, I hold Counts II - IV are not "related to" the bankruptcy case. *See Halper*, 164 F.3d 837.

In Paragraph 1 of the Complaint, the Schatzes argues the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. However, § 1367 has been held in the Third Circuit to apply only to District Courts; not to Bankruptcy Courts. *See In re Foundation for New Era Philanthropy*, 201 B.R. 382, 398 (Bankr. E.D.Pa. 1996); *see also In re Pollilo*, 2010 WL 235125 (Bankr. E.D.Pa. 2010).

In summary, I find that Counts II - IV are not core claims nor are they "related to" the bankruptcy case, and therefore, I grant the Defendant's Motion to Dismiss as to Counts II - IV for a lack of subject matter jurisdiction.


IV.     **Conclusion**

Consistent with the reasoning given above, the Defendant's Motion to Dismiss is granted as to Count I of the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Bankruptcy 7012(b)(6), and Counts II - IV are dismissed for lack of subject-

15

matter jurisdiction under Federal Rule of Bankruptcy 7012(b)(1). An Order will be entered consistent with this Opinion.

By the Court,

Date: July 25, 2011

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Case 5:10-ap-00440-RNO    Doc 12    Filed 07/25/11    Entered 07/25/11 12:58:38    Desc
Incorrect Image    Page 32 of 32